UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

    Plaintiff,

v.                          CASE NO. 3:25-cv-329-MMH-SJH

STATE OF FLORIDA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application"). Doc. 4. For the reasons stated herein, the undersigned **recommends** that the Application be **denied** and that this case be **dismissed without prejudice**.

**I.    Background**

On April 22, 2025, the undersigned entered an Order taking the Application under advisement ("Prior Order"). Doc. 5. The Prior Order stated in part that "Plaintiff shall have until May 13, 2025, to file an amended complaint in compliance with this Order and all applicable rules and law." *Id.* at 6. The Prior Order also warned that Plaintiff's failure to do so would likely result in a recommendation "that the District Judge deny the Application and dismiss this action." *Id.* Plaintiff has not filed an amended complaint, or anything else, in response to the Prior Order.

## II.    Standard

Under the *in forma pauperis* statute, a court may authorize the commencement of a case without prepayment of fees by a litigant who submits an affidavit showing he is unable to pay them. 28 U.S.C. § 1915. Even assuming Plaintiff meets the financial criteria to proceed *in forma pauperis*, however, the Court is also obligated to review the case pursuant to § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also *sua sponte* dismiss an action if, at any time, it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In considering whether a party has sufficiently stated a claim under § 1915(e)(2)(B)(ii), the same standards applicable under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule(s)") apply. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a) demands "more than an unadorned, the defendant unlawfully harmed me

accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010). As part of the § 1915 review, claims may be dismissed if asserted against a defendant with immunity. *See Caldwell v. Downs,* 789 F. App'x 183, 185-86 (11th Cir. 2019);[1] *Sharp v. City of Huntsville, Ala.*, 730 F. App'x 858, 859-60 (11th Cir. 2018). Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015).

### III.   Analysis

As explained in the Prior Order, even liberally construed, Plaintiff's Complaint, Doc. 1, is deficient for several reasons. Doc. 5 at 3-5. The Prior Order noted that "[l]iberally construing the Complaint, it appears that Plaintiff is attempting to assert a civil rights claim pursuant to 42 U.S.C. § 1983" alleging that "his son's probation officer arrested his son 'for no valid reason other than my son is gay[.]'" *Id.* at 2-3. The Prior Order explained that: (i) Plaintiff lacks standing to bring a claim on behalf of another person; (ii) claims for damages against the State of Florida are barred because

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

3

states are not persons subject to suits for damages under § 1983 and because states enjoy sovereign immunity; (iii) to the extent Plaintiff seeks nonmonetary relief such as forcing the State of Florida to release his son or dismiss a criminal case, his pleading did not justify the extraordinary request that this Court interfere with ongoing state criminal proceedings; (iv) State Attorney Luke Dill enjoys prosecutorial immunity; and (v) the allegations in the Complaint are conclusory and insufficient to state a plausible claim for relief. *Id.* at 3-5.

Notably, Plaintiff was provided with an opportunity to amend the Complaint to cure the deficiencies noted in the Prior Order, if possible, on or before May 13, 2025. *Id.* at 6. However, Plaintiff did not file an amended complaint or otherwise attempt to cure the deficiencies. Therefore, the undersigned recommends that the Application be denied and that the Complaint be dismissed without prejudice.[2]

Accordingly, it is respectfully **recommended** that:

1. The Application (Doc. 4) be **denied**.

2. This case be **dismissed without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

## Notice

Within 14 days after being served with a copy of [a] recommended disposition,

---

[2] The Order warned of a possible dismissal of this action. *Id.* Given that some of the deficiencies, including lack of standing and sovereign immunity, are jurisdictional, the undersigned recommends an explicit dismissal without prejudice. *See Dupree v. Owens*, 92 F.4th 999, 1008 (11th Cir. 2024)

a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on May 21, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard, United States District Judge

*Pro se* Plaintiff